**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ANDREW GILLINS,

    Petitioner,

-vs-                                                Case No.  8:11-CV-171-T-30MAP

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Before the Court is Petitioner's Motion to Recuse or to Disqualify Judge ("motion") (Dkt. 44) in which Petitioner, pursuant to 28 U.S.C. § 455(a), moves the undersigned to recuse himself from this action. In support of the motion, Petitioner asserts that there is an appearance of bias because the undersigned: 1) cannot be impartial since, Petitioner assumes, he gained personal knowledge of disputed facts pertaining to the instant habeas action when dismissing a civil rights complaint previously filed in this Court by Petitioner in case no. 8:09-cv-779-T-30TGW; and 2) has shown favoritism toward Respondent by granting Respondent multiple extensions of time to respond to Petitioner's habeas petition.

Under 28 U.S.C. § 455(a), "[a] judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned." An inquiry requires the question "whether an objective, disinterested, lay observer fully informed of the

facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (quoting *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990)).

28 U.S.C. § 455(b) states in pertinent part that a judge shall disqualify himself where he has "personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). The undersigned does not have any personal knowledge of disputed facts concerning this habeas action. Petitioner does not specifically identify any disputed fact of which the undersigned allegedly has personal knowledge. Instead, Petitioner asserts that he presumes the undersigned has knowledge of disputed facts because the undersigned previously dismissed Petitioner's civil rights complaint which included documents and an audio tape recording that are pertinent to the issues in the instant habeas action.

Pursuant to 42 U.S.C. § 1983, Petitioner filed a civil rights complaint in this Court in case no. 8:09-cv-779-T-30TGW. The complaint essentially alleged that Petitioner was being illegally detained as a result of defendants' conspiracy to deprive him of his constitutional rights, convict him, and keep him confined. As relief, Petitioner sought damages and an order rendering his criminal judgment "void." After screening the complaint as required by 28 U.S.C. § 1915(e)(2)(A), the Court dismissed the complaint as frivolous[1] because the exclusive remedy for Petitioner's challenge to his conviction and imprisonment was a petition for writ of habeas corpus, his claim for monetary damages was barred by *Heck v.*

---

[1] The Eleventh Circuit Court of Appeals dismissed Petitioner's appeal on the ground that the appeal was frivolous. *See Gillins v. Watson, et al.*, case no. 8:09-cv-779-T-30TGW at Dkt. 25.

*Humphrey*, 512 U.S. 477 (1994), several defendants were immune from liability, and the complaint failed to state a claim upon which relief could be granted against other defendants. *See Gillins v. Watson, et al.*, case no. 8:09-cv-779-T-30TGW at Dkt. 12. Although Petitioner filed exhibits in support of his complaint, a review of those exhibits was not necessary to resolve the case because the claims alleged in the complaint were subject to dismissal as a matter of law pursuant to 28 U.S.C. § 1915(e)(2)(A). Thus, the undersigned does not have personal knowledge of any disputed facts that may be contained in the exhibits filed in case no. 8:09-cv-779-T-30TGW. Further, it is no basis for recusal that the judge simply presided over earlier cases involving Petitioner. *Cf. United States v. Chandler*, 996 F.2d 1073, 1104 (11th Cir. 1993) ("[A] judge's rulings in a related case may not ordinarily serve as the basis for recusal.").

Finally, with respect to Petitioner's assertion that the undersigned has shown favoritism toward Respondent by granting Respondent's motions for extensions of time to file a response, "a motion for recusal may not ordinarily be predicated upon the judge's rulings in the same or a related case." *Jaffe v. Grant*, 793 F.2d 1182, 1188-89 (11th Cir. 1986) (quoting *United States v. Phillips*, 664 F.2d 971, 1002-03 (5th Cir., Unit B 1981) (footnotes omitted)). "Plaintiff's disagreement with the Court's rulings in this action is not a sufficient predicate for recusal; a contrary rule would enable any party to move for recusal after obtaining an unfavorable ruling." *Lawal v. Winners Intern. Restaurants Co. Operations, Inc.*, 2006 U.S. Dist. LEXIS 63695, 2006 WL 898180 at *4 (N.D. Ga. Apr 06, 2006). This Court (as do most courts) routinely grants reasonable extensions of time for both sides of

disputes. The Court granted Respondent's motions for extensions of time to file a response because they were reasonable under the circumstances.

The Court concludes that an objective, fully informed lay observer would not doubt the undersigned's impartiality for the reasons stated above.

ACCORDINGLY, the Court **ORDERS** that Petitioner's Motion to Recuse or to Disqualify Judge (Dkt. 44) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on November 28, 2011.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: *Pro se* Petitioner
Counsel of Record