UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDREW GILLINS,

    Petitioner,

-vs-                                                  Case No.  8:11-CV-171-T-30MAP

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Before the Court is Petitioner's "Petition to Invoke Court's All Writs Jurisdiction and Motion/Petition Seeking Leave for Belated Opportunity to Withdraw State Court Plea and/or Seeking Issuance of a Federal Rule NISI Directing the Respondent to Show Cause why it Should not be Prohibited from Continuing to Exercise Jurisdiction Over this Cause" ("motion") (Dkt. 35).  In the motion, Petitioner requests that this Court allow him to withdraw the plea he entered to the charges in state court in the Twelfth Judicial Circuit, Sarasota County, Florida, in case no. 1999-CF-6948NC.[1]

---

[1] In his habeas petition (Dkt. 1), Petitioner challenges his plea-based convictions for lewd and lascivious behavior with a child under the age of sixteen years old and contributing to the delinquency of a child, which arise out of case no. 1999-CF-6948NC.

It appears that Petitioner is attempting to obtain relief from his state court convictions under the All Writs Act, 28 U.S.C. § 1651.[2]  "The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Pennsylvania Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985). "When a state prisoner is 'in custody pursuant to the judgment of a State court,' his petition for a writ of habeas corpus is governed by both [28 U.S.C.] § 2241 and the restrictions set forth in [28 U.S.C.] § 2254." *Morales v. Fla. Dep't of Corr.*, 346 Fed. Appx. 539, 540 (11th Cir. 2009) (unpublished opinion). Petitioner has an adequate statutory remedy for attacking his convictions pursuant to 28 U.S.C. § 2254. Therefore, he may not raise his involuntary plea claim pursuant to the All Writs Act.

ACCORDINGLY, the Court **ORDERS** that Petitioner's motion (Dkt. 35) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on November 29, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: *Pro se* Petitioner
	Counsel of Record

---

[2] § 1651 provides:

(a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

(b) An alternative writ or rule nisi may be issued by a justice or judge of a court which has jurisdiction.