**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ANDREW GILLINS,

    Petitioner,

-vs-                                            Case No. 8:11-CV-171-T-30MAP

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## **ORDER**

Before the Court is Petitioner's "Motion to Compel Respondent to Supplement the Record and to Provide the Court and Defendant/Petitioner with State Court Transcripts, Briefs and Other Documentary Exhibits to Which Respondent Relied upon to Accompany or Support the Answer to the Petition for Writ of Habeas Corpus and Motion for Judgment of Default for the Failure of Respondent to Answer the Supplement (Second) Petition for Habeas Corpus with Supporting Memorandum of Fact and Law Challenging the State Court's Alleged Infirmities in the Revocation of Probation Proceedings Below" (hereafter "motion") (Dkt. 47). In his motion, Petitioner moves the Court to: 1) order Respondent to provide both him and the Court with a copy of the exhibits Respondent referenced in the response to Petitioner's habeas petition;[1] and 2) enter a default against Respondent for failing to respond to Petitioner's amended petition (see Dkt. 12). Also before the Court are

---

[1] The Court's docket does not indicate that Respondent filed exhibits with the Court.

Petitioner's "Motion to Accept Traverse to Response in Excess of Page Limit" (Dkt. 54), and "Motion for Leave to Modify Traverse to Respondent's Petition, Memorandum of Law" (Dkt. 55).

As to Petitioner's request regarding copies of the Respondent's exhibits, Petitioner does not allege that he does not possess the state court documents Respondent referenced in the response. Nor has he demonstrated a need for the documents.

With respect to Petitioner's request for the Court to enter a default against Respondent for failing to respond to the "amended petition," default judgment is not appropriate due to the failure to timely respond to a petition for writ of habeas corpus. *See, e.g., Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir. 1987) (finding that a default judgment is not contemplated in habeas corpus cases).

The Court notes that Petitioner filed his initial petition (Dkt. 1) in which he challenges his convictions. On February 25, 2011, the magistrate judge signed an order directing Respondent to respond to the habeas petition (Dkt. 11). However, on February 25, 2011, the Clerk of the Court received another federal habeas petition from Petitioner, which appears to challenge the revocation of Petitioner's probation (Dkt. 12). The second petition was entered on the docket on February 28, 2011, as Petitioner's "amended petition." (Id.). Pursuant to the Court's February 25, 2011 Order, the Respondent responded to Petitioner's initial habeas petition (Dkt. 43).

In his amended reply, Petitioner asserts that his second habeas petition is not an amended petition, but instead a separate and "supplemental" petition in which he attacks the

2

judgment imposed upon the revocation of his probation (Dkt. 56 at 1).[2] Piecemeal litigation is, however, disfavored. Petitioner will, therefore, be required to file an amended petition, on the court-approved form for petitions filed pursuant to 28 U.S.C. § 2254, setting forth all of his claims in one document. Petitioner is advised that the amended petition will completely supersede both the original and "supplemental" petitions (Dkts. 1, 12), and the only claims remaining before the Court will be those set out in the amended petition.

Accordingly, upon consideration the Court **ORDERS** that:

1. Petitioner's motion (Dkt. 47) is **DENIED**.

2. Petitioner's "Motion to Accept Traverse to Response in Excess of Page Limit" (Dkt. 54), and "Motion for Leave to Modify Traverse to Respondent's Petition, Memorandum of Law" (Dkt. 55) are **DENIED**.

3. Petitioner's petition for writ of habeas corpus (Dkt. 1), and "supplemental" petition for writ of habeas corpus (Dkt. 12) are **DISMISSED** without prejudice. Petitioner's memorandums of law in support of the petitions (Dkts. 10, 16), and replies (Dkts. 50, 56) are **STRICKEN**. The **Clerk** shall return the memorandums of law and replies to Petitioner with his copy of this Order, and retain a copy for the court file.

4. Petitioner shall, on or before **December 30, 2011**, file an amended petition for writ of habeas corpus that complies with the instructions on the form and sets out each claim for relief with specificity, including a brief statement of the facts supporting each claim. On or

---

[2]The Court notes that Petitioner has also filed two memorandums of law in support of the petitions (Dkts. 10, 16), and two replies to Respondent's response (Dkts. 50, 56).

before **December 30, 2011**, Petitioner may file a memorandum of law in support of the amended petition **that does not exceed forty (40) pages**.

5. Failure to timely file the amended petition within the allotted time shall result in the **dismissal** of this action **without further notice**.[3]

6. On or before **February 14, 2012**, Respondent shall file a response to the amended petition, and show cause why the amended petition should not be granted. At that time, Respondent shall also file with the Court the appendix of exhibits in support of the response.

7. On or before **March 16, 2012**, Petitioner may file a reply, that does not exceed **thirty (30) pages**, to the response to the amended petition. *See* Rule 5(e), Rules Governing Section 2254 Cases (2011).

8. The **Clerk** shall enclose **two copies** of the court-approved form used to initiate a § 2254 case with Petitioner's copy of this order.

**DONE** and **ORDERED** in Tampa, Florida on December 2, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: *Pro se* Petitioner
Counsel of Record

---

[3]Petitioner should note that if he fails to respond to this Order and this case is dismissed, any subsequently-filed habeas petition in this Court challenging the same conviction may be barred by the one-year limitation period for filing a habeas petition in the federal courts. *See* 28 U.S.C. § 2244(d)(1). Although the one-year period of limitation is tolled during the time in which a properly filed application for state post-conviction relief is pending, *see Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000) (defining when an application is "properly filed" under 28 U.S.C. § 2244(d)(2)), the time in which a federal habeas petition is pending does not toll the one-year limitation period. *See Duncan v. Walker*, 533 U.S. 167, 172 (2001) (holding that an application for federal habeas corpus review <u>does</u> <u>not</u> toll the one-year limitation period under § 2244(d)(2)).